In the United States District Court
For the Southern District of Illinois

| | |
|---|---|
| John M. Brown,<br><br>    Plaintiff,<br><br>vs.<br><br>ITS Solar, LLC and<br>Richard C. Schmidt, Jr.,<br><br>    Defendants. | C.A. No. 3:19-cv-00320<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

1. This is an action for unpaid compensation, wages, and expenses, and retaliation for complaining about improper payment under the Illinois Wage Payment and Collection Act, 820 ILCS 115, et seq. and Illinois contract law.

### **Jurisdiction and Venue**

2. This court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship in that plaintiff is a citizen of Missouri and defendants are citizens of Illinois and the amount in controversy exclusive of interest and costs exceeds $75,000.00.

3. Plaintiff John M. Brown is a former employee of ITS Solar, LLC.

4. Defendant ITS Solar, LLC ("ITS") is an Illinois limited liability corporation with its principal place of business in Millstadt, Illinois.

5. Defendant Richard C. Schmidt, Jr. ("Rick Schmidt") is a citizen of the State of Illinois.

6. Venue is proper.

### **Common Allegations**

7. In June 2015, plaintiff began working for Inland Technologies Holdings LLC ("Inland")

under a written agreement. A copy of the agreement is attached as Exhibit 1.

8. In late 2016, Inland and ITS started transitioning ownership of the company. During that interim period, ITS (Rick Schmidt Jr) and plaintiff entered into a written agreement governing plaintiff's compensation. A copy of the "Interim Sales Agreement" is attached as Exhibit 2.

9. When defendants agreed to follow the agreed upon method of compensation in the Interim Sales Agreement, Inland owed plaintiff $3,215.83 in expenses. ITS ultimately paid plaintiff for the Inland expenses except $699.00.

10. Effective around May 2017, ITS completed the transition and plaintiff began working at ITS, at the same location, doing the same job.

11. ITS paid plaintiff under Exhibit 1, that is an annual salary of $36,000 plus 3% commissions on income earned from sales.

12. On June 1, 2017, ITS raised plaintiff's salary to $46,000 per year plus 3.5% commissions on income from sales.

13. On December 24, 2017, ITS raised plaintiff's salary to $75,000 per year, plus 3.5% commissions on income from sales.

14. By March 2018, ITS had failed to timely pay plaintiff his salary and commissions.

15. On around March 27, 2018, plaintiff texted Rick Schmidt, Jr. In the text, plaintiff stated, "Please update payroll and commissions status. Very very urgent!" Schmidt responded that it was urgent for "all of us" and he would update everyone today. Plaintiff responded, "Except my commissions are 6 months behind! It's not just the payroll. The payroll makes it that much worse. Last week you said if no money came in from connect, you would pay from your account." Schmidt, Jr. said he understood and would try to provide an update that day.

16. The next day, Rick Schmidt, Jr. texted plaintiff, "John our employment arrangement is now closed. I will have Lindsay wrap up with you what is owed to you This just isn't working. Wish you all the best."

17. Lindsay was Lindsay Romero, ITS's controller.

18. When ITS discharged plaintiff, it was behind in its compensation of plaintiff in both salary and earned commissions.

19. On or around April 2, 2018, ITS paid plaintiff for two pay periods to catch up with his back salary.

20. Over the next few weeks, ITS paid plaintiff for part of the commissions it owed him. The first payment was on April 6, 2018 for $3,125.30. The second payment was on April 27, 2018, for $1,500.00.

21. By email, Lindsay Romero, stated to plaintiff that the payments left the "new balance we owe you to $8,917.22." A copy of the email is attached as Exhibit 3.  ITS owed plaintiff this sum since November 2017.

22. In a May 8, 2018 email, Lindsay Romero acknowledged that ITS would pay the $699 it owed plaintiff in expenses that week if everything went as planned. A copy of the email is attached as Exhibit 4. ITS failed to make the payment.

### Count I —Illinois Wage Payment and Collection Act Claim against ITS

23. Plaintiff incorporates Paragraphs 1-22 as though fully set forth herein.

24. Defendant ITS is an employer under the Illinois Wage Collection and Payment Act ("Wage Act") 820 ILCS 115/2 in that it is a limited liability company that made wage payments to employees.

25. Plaintiff was at all material times an employee under the Wage Act in that he was an individual permitted to work by ITS.

26. ITS owes plaintiff $8,917.22 in unpaid, earned commissions in violation of the Wage Act.

27. As a direct and proximate result of ITS's violation of the Wage Act, plaintiff has been harmed.

For these reasons, plaintiff prays for judgment in his favor and against ITS for his pay plus another 2% of the total for each month ($178.34 per month) since November 2017 as provided in 820 ILCS 115/14, plus costs and attorneys' fees.

### Count II —IWCPA Claim against Richard C. Schmidt, Jr.

28. Plaintiff incorporates Paragraphs 1-22 as though fully set forth herein.

29. Defendant Richard C. Schmidt, Jr. ("Schmidt") was, at all times material hereto, a manager of ITS.

30. At all times material hereto Schmidt knowingly permitted ITS to violate the Wage Act in that he was involved in failing to pay plaintiff his final wages owed in full.

31. As a direct and proximate result of Schmidt's violations of the Wage Act, plaintiff has been harmed.

For these reasons, plaintiff prays for judgment in his favor and against Schmidt for final pay, plus another 2% of the total for each month since November 2017, as provided in 820 ILCS 115/14, plus costs and attorneys' fees.

### Count III—IWPCA retaliation against ITS

32. Plaintiff incorporates Paragraphs 1-22 as though fully set forth herein.

33. ITS discharged plaintiff because he complained to his employer that he was not properly paid.

34. In discharging plaintiff as described in this Count, ITS violated the Wage Act, 820 ILCS 115/14(c).

35. As a direct and proximate result of ITS's violation of the Wage Act, plaintiff has been harmed in that he has lost wages, commissions, and other benefits of employment.

For these reasons, plaintiff prays for judgment in his favor and against ITS for legal and equitable relief in an amount to be established at trial plus costs and attorneys' fees.

### Count IV—IWPCA retaliation against Rick Schmidt, Jr.

36. Plaintiff incorporates Paragraphs 1-22 as though fully set forth herein.

37. Rick Schmidt, Jr. was both an employer under the Act and an agent of ITS when he discharged plaintiff.

38. Schmidt discharged plaintiff because he complained to his employer that he has not been properly paid.

39. In discharging plaintiff as described in this Count, Schmidt violated the Wage Act, 820 ILCS 115/14(c).

40. As a direct and proximate result of Schmidt's violation of the Wage Act, plaintiff has been harmed in that he has lost wages, commissions, and other benefits of employment.

For these reasons, plaintiff prays for judgment in his favor and against Schmidt for legal and equitable relief in an amount to be established at trial plus costs and attorneys' fees.

### Count V Breach of Contract against ITS and Rick Schmidt, Jr.

41. Plaintiff incorporates Paragraphs 1-22 as though fully set forth herein.

42. Plaintiff performed all conditions precedent to the contract to pay his expenses— Exhibit 2.

43. Defendants partially performed the agreement by paying plaintiff all but $699.00 in his expenses.

44. Defendants breached the agreement to pay plaintiff all of his expenses.

45. As a direct result of defendants' breach, plaintiff has been damaged.

For these reasons, plaintiff prays for judgment in his favor and against defendants in the amount of $699.00 plus interest and costs.

/ s/ Ferne P. Wolf
Ferne P. Wolf
fw@sowerswolf.com
Joshua M. Pierson
jp@sowerswolf.com
Jill A. Silverstein
js@sowerswolf.com
Sowers & Wolf, LLC
530 Maryville Centre Drive, Suite 460
St. Louis, MO 63141
314 744-4010/314 744-4026 (fax)